UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHRIS SPORTS NORTH AMERICA, INC. as
DISTRIBUTOR FOR POWDERHORN,

                     Plaintiff,

      -against-

M/V "APL PERU", her engines, boilers, etc.,
LAUFER GROUP INTERNATIONAL LTD.,
HLL ATLANTIC SCHIFFAHRTS GMBH and
HANSEATIC LLOYD SCHIFFAHRTS GMBH & CO. KG.,

                  Defendants.

------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

08 CIV

Plaintiff, by its attorneys, McDERMOTT & RADZIK, LLP., as and for its Complaint herein, alleges, upon information and belief, as follows:

    **FIRST**:    All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

    **SECOND**:    At and during all the times hereinafter mentioned, plaintiff has and now has the legal status and principal office and place of business stated in Schedule A, hereto annexed and by this reference made a part hereof.

    **THIRD**:    At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A and were and now are engaged in business as common carriers of merchandise by water for hire, and owned,

operated, managed, chartered and/or otherwise controlled the vessel above named as a common carrier of merchandise by water for hire.

**FOURTH:** At and during all the times hereinafter mentioned, the said vessel was and now is a ship employed in the common carriage of merchandise by water for hire and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH:** On or about the date and at the port of shipment stated in Schedule A, there was shipped by the shipper therein named and delivered to defendants and the said vessel, as common carriers, the shipment described in Schedule A then being in good condition and defendants and the said vessel then and there accepted said shipment so shipped and delivered to them and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule A and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in Schedule A.

**SIXTH:** Thereafter, the said vessel arrived at the port of destination, where it and defendants made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule A, all in violation of defendants' and the said vessel's obligation and duties as common carriers of merchandise by water for hire.

**SEVENTH:** Plaintiff was the shipper, consignee or owner of the shipment described in Schedule A and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear and plaintiff is entitled to maintain this action.

2

**EIGHTH**:    By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $160,000.00

**WHEREFORE**, plaintiff prays:

1.    That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the amount of $160,000.00, with interest thereon and costs, the sum sued for in this Complaint;

3.    That judgment may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action;

4.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements and that the said vessel may be condemned and sold to pay therefor; and

5.    That this Court will grant to plaintiff such other and further relief as may be just and

proper.

Dated: New York, New York
       October 28, 2008


                                McDERMOTT & RADZIK, LLP.
                                Attorneys for Plaintiff


                        By:     _____
                                Edward C. Radzik (ER-2473)
                                James J. Ruddy (JR-6693)
                                William R. Connor III (WC-4631)
                                Wall Street Plaza
                                88 Pine Street  21st Floor
                                New York, New York  10005
                                212-376-6400
                                File No.:  GM-08-3652 ECR/JJR/WRC

## SCHEDULE A

*Plaintiff's legal status and place of business:*

Plaintiff is a corporation or other business entity duly organized and existing under the laws of one of the States of the United States, or foreign sovereign, with an office and place of business at 160 West Deloney, Jackson, WY 83001

*Defendant's legal status and place of business:*

Defendant, Laufer Group International Ltd. is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the States of the United States, or foreign sovereign, with an office and place of business at 20 Vesey Street, New York, New York 10007

*Defendant's legal status and place of business:*

Defendant, HLL Atlantic Schiffahrts GMBH is a foreign corporation or other business entity duly organized and existing under and by virtue of the laws of Germany, or other foreign sovereign, with an office and place of business c/o Hanseatic Lloyd Schiffahrt GMBH & Co., 45, Contrescarpe, 28195, Bremen, Germany

*Defendant's legal status and place of business:*

Defendant, Hanseatic Lloyd Schiffahrts GMBH & Co. KG. is a foreign corporation or other business entity duly organized and existing under and by virtue of the laws of Germany, or other foreign sovereign, with an office and place of business c/o Hanseatic Lloyd Schiffahrt GMBH & Co., 45, Contrescarpe, 28195, Bremen, Germany

| | | |
|---|---|---|
| *Name of Vessel* | : | APL PERU Voy.028E |
| *Bill of Lading No.* | : | HKG08090787 and HKG08090790 |
| *Container No.* | : | HMDU664253.0 |
| *Date of Shipment* | : | September 29, 2008 |
| *Port of Loading* | : | Hong Kong |
| *Port of Discharge* | : | Seattle, Washington |
| *Shipper* | : | Top One Garments Mfg. Co. Ltd. and Hoplion Feather Works (Shenzhen) Corp. |

| | | |
|---|---|---|
| *Consignee* | : | Powderhorn |
| *Description* | : | Ski/snowboard garments |
| *Nature of Claim* | : | Total loss – shipment submerged in bilge ballast water |
| *Amount* | : | $160,000.00 |
| *Our File* | : | GM-08-3652 ECR/JJR/WRC |

## VERIFICATION

STATE OF NEW YORK      )
                                            SS:
COUNTY OF NEW YORK   )

EDWARD C. RADZIK, being duly sworn, deposes and says:

That he is an attorney-at-law admitted to practice before this Court and is a member of the firm of McDERMOTT & RADZIK, LLP, attorneys for plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of the plaintiff concerning the matters set forth in the Complaint in the possession of deponent.

Edward C. Radzik (ER-2473)

Sworn to before me this
        28⁵ᵗ   day of October, 2008

Notary Public

MATTHEW T. LOESBERG
Notary Public, State of New York
No. 02LO6051626
Qualified in New York County
Commission Expires 12-1-2010