BLANK ROME LLP
John D. Kimball
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000
Attorneys for Defendants/Third-Party Defendants APL LIMITED and APL CO. PTE LTD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS SPORTS NORTH AMERICA, INC. as DISTRIBUTOR FOR POWDERHORN; et al., <br><br>                                Plaintiffs, <br><br> -v- <br><br> M/V "APL PERU", her engines, boilers, etc., et al., <br><br>                                Defendants, <br><br> and, <br><br> HYUNDAI MERCHANT MARINE CO. LTD., <br><br>        Defendant and Third-Party Plaintiff, <br><br> -v- <br><br> APL LIMITED and APL CO. PTE LTD., <br><br>                    Third-Party Defendants, <br>                    and, <br> HLL ATLANTIC SCHIFFAHRTS GmbH and HANSEATIC LLOYD SCHIFFAHRTS GmbH, <br><br>         Defendants/Third-Party Plaintiffs, <br>                                -v- <br> BYD COMPANY LTD. and SPECTRUM BRANDS, INC., <br><br>                    Third-Party Defendants. | 08 Civ. 9352 (AKH) <br>       ECF CASE <br><br><br><br> **ANSWER TO SECOND AMENDED VERIFIED COMPLAINT WITH CROSS-CLAIMS** |

Defendants/Third-Party Defendants APL Limited and APL Co. Pte Ltd (hereinafter collectively referred to as "APL" unless otherwise indicated) by their attorneys, Blank Rome LLP, for their answer to the second amended verified complaint of plaintiffs, allege upon information and belief as follows:

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1-7 of the second amended verified complaint.

2. Deny the allegations contained in paragraph 8 of the second amended verified complaint.

3. No claim is made against APL in paragraphs 9-19 of the second amended verified complaint and no response from APL is required.

## AFFIRMATIVE DEFENSES

4. APL repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

## FIRST AFFIRMATIVE DEFENSE

5. The shipments referred to in Count I of the second amended verified complaint were subject to all the terms, conditions and exceptions contained in certain bills of lading issued for which the shippers, owners, consignees or holder of said bills of lading are bound and APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bills of lading.

## SECOND AFFIRMATIVE DEFENSE

6. Any loss and/or damage to the shipments referred to in Count I of the second amended verified complaint was due to causes for which APL is not liable or responsible by

virtue of the provisions of the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law and/or any other law which may apply.

### THIRD AFFIRMATIVE DEFENSE

7.      Any damage to and/or loss of the shipments referred to in Count I of the second amended verified complaint was caused by or due to the acts, omissions, fault or neglect of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packaging, or inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which APL is neither responsible nor liable.

### FOURTH AFFIRMATIVE DEFENSE

8.      APL's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

### FIFTH AFFIRMATIVE DEFENSE

9.      This Court is an improper forum pursuant to the Seoul, Korea forum selection clause in Defendant Hyundai Merchant Marine Co. Ltd.'s ("HMM") bill of lading and APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bill of lading.

### SIXTH AFFIRMATIVE DEFENSE

10.     This Court is an improper forum pursuant to the Singapore forum selection clause in APL's bill of lading and APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bill of lading.

### SEVENTH AFFIRMATIVE DEFENSE

11.     This Court is an improper forum pursuant to the Japan forum selection clause in Defendant Mitsui O.S.K. Lines. Ltd.'s ("MOL") bill of lading and APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bill of lading.

### EIGHTH AFFIRMATIVE DEFENSE

12. APL is not liable for any loss or damage to plaintiffs' cargo as alleged in Count I of the second amended verified complaint since the alleged loss or damage occurred as a result of the fire and such fire was not caused by the actual fault or privity of APL.

### NINTH AFFIRMATIVE DEFENSE

13. Any damage or loss that was caused to plaintiffs' cargo was the direct result of an act, fault or neglect of plaintiffs, their agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

### TENTH AFFIRMATIVE DEFENSE

14. The second amended verified complaint fails to state a cause of action against APL upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

15. This is an improper venue for the trial of this action.

### TWELFTH AFFIRMATIVE DEFENSE

16. This case should be dismissed on the grounds of _forum non conveniens_.

### THIRTEENTH AFFIRMATIVE DEFENSE

17. Plaintiffs were not the owner of the goods referred to in Count I of the second amended verified complaint and has no standing to sue for loss or damage.

### FOURTEEN AFFIRMATIVE DEFENSE

18. Plaintiffs failed to mitigate their damages.

**CROSS-CLAIMS AGAINST DEFENDANTS M/V "APL PERU", her engines, boilers, etc., HLL ATLANTIC SCHIFFAHRTS GMBH, HANSEATIC LLOYD SCHIFFAHRTS GMBH & CO. KG., BYD COMPANY LTD., GPI INTERNATIONAL INC., QUANTUM LIGHTING PRODUCTS LIMITED, CHIAT SI INDUSTRIAL COMPANY LTD., and SPECTRUM BRANDS, INC.**

## FIRST CROSS-CLAIM

19. Without prejudice to the above defenses, APL repeats and realleges each and every allegation set forth above with the same force and effect as if repeated and set forth at length herein.

20. The cargo damage alleged in Count I of the second amended verified complaint was caused by the acts, omissions, fault, negligence, breach of contract, unseaworthiness of the vessel and/or breach of warranty of defendants M/V "APL PERU", her engines, boilers, etc., HLL Atlantic Schiffahrts GmbH, Hanseatic Lloyd Schiffahrts GmbH & Co. KG., Byd Company Ltd., GPI International Inc., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd. and/or Spectrum Brands, Inc. and/or their servants and/or agents.

21. Therefore, if APL is liable to the plaintiffs (which it denies), whether by judgment or settlement, then APL is entitled to indemnity and/or contribution from defendants M/V "APL PERU", her engines, boilers, etc., HLL Atlantic Schiffahrts GmbH, Hanseatic Lloyd Schiffahrts GmbH & Co. KG., Byd Company Ltd., GPI International Inc., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd. and/or Spectrum Brands, Inc.; including recovery of the attorneys' fees and costs incurred by APL in defending against plaintiffs' claims.

**SECOND CROSS-CLAIM**

22.     Without prejudice to the above defenses, APL repeats and realleges each and every allegation set forth above with the same force and effect as if repeated and set forth at length herein.

23.     Certain third-parties have claimed (or will claim) against APL for loss and damage allegedly sustained as a result of the fire that took place on board the M/V APL PERU and have held and/or advised that they intend to hold APL liable for any and all such loss and damage including contributions to general average and salvage, all liability for which APL has expressly denied.

24.     The said fire was caused in whole or in part by the acts, omissions, fault, negligence, breach of contract, unseaworthiness of the vessel and/or breach of warranty of defendants M/V "APL PERU", her engines, boilers, etc., HLL Atlantic Schiffahrts GmbH, Hanseatic Lloyd Schiffahrts GmbH & Co. KG., Byd Company Ltd., GPI International Inc., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd. and/or Spectrum Brands, Inc., including, but not limited to, the fact that a certain container or containers were improperly stowed and/or handled, thus contributing to, or solely causing, the fire complained of.

25.     To the extent APL is held liable to any of the aforesaid claimants mentioned in this cross-claim, APL is entitled to indemnity and/or contribution from defendants M/V "APL PERU", her engines, boilers, etc., HLL Atlantic Schiffahrts GmbH, Hanseatic Lloyd Schiffahrts GmbH & Co. KG., Byd Company Ltd., GPI International Inc., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd. and/or Spectrum Brands, Inc., including recovery of attorneys' fees and costs incurred in defending against such claims.

6

**THIRD CROSS-CLAIM**

26. Without prejudice to the above defenses, APL repeats and realleges each and every allegation set forth above with the same force and effect as if repeated and set forth at length herein.

27. To the extent, if any, APL has liability for general average contributions or salvage payments as a result of the aforesaid fire on the M/V APL PERU, whether by judgment of settlement, then APL is entitled to indemnity and/or contribution from defendants M/V "APL PERU", her engines, boilers, etc., HLL Atlantic Schiffahrts GmbH, Hanseatic Lloyd Schiffahrts GmbH & Co. KG., Byd Company Ltd., GPI International Inc., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd. and/or Spectrum Brands, Inc., including recovery of attorneys' fees and costs incurred in defending against such claims.

WHEREFORE, APL respectfully requests that:

a) the Court enter judgment dismissing the second amended verified complaint;

b) APL have judgment on its cross-claims;

c) the Court award APL its costs and reasonable attorneys' fees, and grant such other and further relief as the Court deems just and appropriate.

New York, New York
Dated: November 3, 2009

        BLANK ROME LLP
        Attorneys for Defendants/Third-Party Defendants
        APL LIMITED and APL CO. PTE LTD
        By:      /s/  *John D. Kimball*
            John D. Kimball
            The Chrysler Building
            405 Lexington Avenue
            New York, NY  10174-0208
            (212) 885-5000