BLANK ROME LLP
John D. Kimball
Lauren B. Wilgus
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
Attorneys for Defendants and Third-Party Defendants/Fifth-Party Plaintiffs APL LIMITED and APL CO. PTE LTD and Fourth-Party Defendant/Fifth-Party Plaintiff AMERICAN PRESIDENT LINES, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS SPORTS NORTH AMERICA, INC. as DISTRIBUTOR FOR POWDERHORN, et al.,<br><br>Plaintiffs,<br><br>-v-<br><br>M/V "APL PERU", her engines, boilers, etc., et al.,<br><br>Defendants, | 08 Civ. 9352 (AKH)<br>ECF CASE<br><br>**APL'S ANSWER TO THE CROSS-CLAIMS AND COUNTER-CLAIMS OF SIXTH-PARTY DEFENDANT DESAY LITHIUM BATTERY CO. LTD.**<br>**WITH CROSS-CLAIMS** |

Defendants, Third-Party Defendants, Fourth-Party Defendants and Fifth-Party Plaintiffs APL Limited, APL Co. Pte. Ltd. and American President Lines, Ltd. (hereinafter collectively referred to as "APL" unless otherwise indicated) by their attorneys, Blank Rome LLP, for their answer to the cross-claims and counter-claims of Sixth-Party Defendant Desay Lithium Battery Co. Ltd. ("Desay") contained in:

(1) Desay's Answer to Plaintiffs, Chris Sports North America, Inc. as Distributor for Powderhorn, et al.'s Second Amended Complaint with Cross-Claims and Counter-Claims (docket 201);

(2) Desay's Answer to Hyundai Merchant Marine Co., Ltd.'s Third-Party Complaint with Cross-Claims and Counter-Claims (docket 199);

(3) Desay's Answer to HLL Atlantic Schiffahrts GmbH and Hanseatic Lloyd Schiffahrts GmbH's Third-Party Complaint with Cross-Claims and Counter-Claims (docket 200);

(4) Desay's Answer to Spectrum Brand, Inc.'s Second Amended Fourth-Party Complaint with Cross-Claims and Counter-Claims (docket 198);

(5) Desay's Answer to APL Limited, APL Co. Pte. Ltd., and American President Lines, Ltd.'s Amended Fifth-Party Complaint with Cross-Claims and Counter-Claims (docket 202); and

(6) Desay's Answer to Quantum Lighting Products Limited's Sixth-Party Complaint with Cross-Claims and Counter-Claims (docket 195 and 197),

APL alleges upon information and belief as follows:

1. Denies the allegations contained in paragraph 1 of Desay's cross-claims and counter-claims against all defendants.

2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Desay's cross-claims and counter-claims against all defendants.

3. Denies the allegations contained in paragraph 3 of Desay's cross-claims and counter-claims against all defendants.

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Desay's cross-claims and counter-claims against all defendants.

5. Denies the allegations contained in paragraph 5 of Desay's cross-claims and counter-claims against all defendants.

6. Denies the allegations contained in paragraph 6 of Desay's cross-claims and counter-claims against all defendants.

7. Denies the allegations contained in the prayer for relief following paragraph 6 of Desay's cross-claims and counter-claims against all defendants.

## AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, APL ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

8. Repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

## FIRST AFFIRMATIVE DEFENSE

9. Desay's cross-claims and counter-claims fail to state a claim against APL upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

10. Any damage to and/or loss of the shipments referred to in Desay's cross-claims and counterclaims and/or the complaint was caused by or due to the acts, omissions, fault or neglect of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packaging, or inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which APL is neither responsible nor liable.

### THIRD AFFIRMATIVE DEFENSE

11. APL's liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

### FOURTH AFFIRMATIVE DEFENSE

12. This court is an improper forum pursuant to the Seoul, Korea forum selection clause in HMM's bill of lading and APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bill of lading.

### FIFTH AFFIRMATIVE DEFENSE

13. This court is an improper forum pursuant to the Japan forum selection clause in MOL's bill of lading, which requires that any action against the Carrier and/or its agents be brought exclusively in the Tokyo District Court of Japan. APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bill of lading.

### SIXTH AFFIRMATIVE DEFENSE

14. This court is an improper forum pursuant to the Singapore forum selection clause in APL's bill of lading and APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bill of lading.

### SEVENTH AFFIRMATIVE DEFENSE

15. This case should be dismissed on the grounds of <u>forum non conveniens</u>.

### EIGHTH AFFIRMATIVE DEFENSE

16. APL is not liable for any loss or damage to the cargo as alleged in Desay's cross-claims and counterclaims and/or the complaint since the alleged loss or damage occurred as a result of the fire and such fire was not caused by the actual fault or privity of APL.

### NINTH AFFIRMATIVE DEFENSE

17. Any damage or loss that was caused to the cargo as alleged in Desay's cross-claims and counterclaims and/or the complaint was the direct result of an act, fault or neglect of plaintiffs, their agents, suppliers, contractors, affiliates or subsidiaries and in regard to the manufacture, stowage, shifting, shipment, securing or packaging of the cargo in question.

### TENTH AFFIRMATIVE DEFENSE

18. The shipments referred to in Desay's cross-claims and counterclaims and/or the complaint was subject to all the terms, conditions and exceptions contained in certain bills of lading issued for which the shippers, owners, consignees or holder of said bills of lading are bound and APL is entitled to the benefit of any and all defenses and limitations of liability provided for in the said bills of lading.

### ELEVENTH AFFIRMATIVE DEFENSE

19. This court is an improper venue for the trial of this action.

### TWELFTH AFFIRMATIVE DEFENSE

20. Any loss and/or damage to the shipments referred to in Desay's cross-claims and counterclaims and/or the complaint was due to causes for which APL is not liable or responsible by virtue of the provisions of the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law and/or any other law which may apply.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. Desay was not the owner of the goods referred to in the cross-claims and counterclaims and has no standing to sue for loss or damage.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. Desay failed to mitigate its damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. Desay's claims are barred by the doctrine of waiver, estoppel and/or laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. Desay's claims are barred by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

25. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, APL gives notice of, and reserves the right to, rely on foreign law to the extent it may be applicable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

26. To the extent Desay sustained any damage, which is denied, the damage was caused in whole or in part by unforeseeable, intervening or superseding events and/or persons over which APL has no control.

### NINETEENTH AFFIRMATIVE DEFENSE

27. Desay's damages, if any, are attributable to one or more persons from whom Desay does not seek to recover in this action.

### TWENTIETH AFFIRMATIVE DEFENSE

28. Desay's damages, if any, were caused by the contributory and/or comparative negligence and/or assumption of risk of Desay.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

29. Desay is not entitled to indemnity, express or implied, or contribution, in part or full, from APL because Desay and/or others are primarily liable to plaintiffs and/or third parties for the losses resulting from the subject fire that took place aboard the M/V APL PERU.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

30. Desay is not entitled to indemnity, express or implied, or contribution, in part or full, from APL because APL is not liable to plaintiffs and/or third parties for the losses resulting from the subject fire that took place aboard the M/V APL PERU.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

31. Desay is not entitled to indemnity, express or implied, or contribution, in part or full, from APL because APL did not cause the losses resulting from the subject fire that took place aboard the M/V APL PERU.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

32. APL reserves the right to assert such other defenses as may become available through the course of discovery.

**APL'S CROSS-CLAIMS AGAINST DEFENDANTS M/V APL PERU, her engines, boilers and tackle *in rem*, HLL ATLANTIC SCHIFFAHRT GMBH & CO KG, HANSEATIC LLOYD SCHIFFAHRT GMBH & CO KG, DHL ISC (HONG KONG) LIMITED, BYD COMPANY LTD., GPI INTERNATIONAL LTD., QUANTUM LIGHTING PRODUCTS LIMITED, CHIAT SI INDUSTRIAL COMPANY LTD., WORLD HINT LIMITED AND SPECTRUM BRANDS, INC. and DESAY LITHIUM BATTERY CO. LTD.**

## FIRST CROSS-CLAIM

33. Without prejudice to or waiver of the above defenses, APL repeats and realleges each and every allegation set forth above with the same force and effect as if repeated and set forth at length herein.

34. The cargo damage alleged in Desay's cross-claims and counterclaims and/or the complaint was caused by the acts, omissions, fault, negligence, breach of contract, strict liability, want of due care, failure to warn, product defect, improper packaging, improper stowage, improper handling, unseaworthiness of the vessel and/or breach of warranty of defendants M/V APL PERU, her engines, boilers and tackle *in rem*, HLL Atlantic Schiffahrt GmbH & Co KG, Hanseatic Lloyd Schiffahrt GmbH & Co KG, DHL ISC (Hong Kong) Limited, Byd Company Ltd., GPI International Ltd., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd., World Hint Limited, Spectrum Brands, Inc., Desay Lithium Battery Co. Ltd. and/or their servants and/or agents.

35. Therefore, if APL is liable to Desay and/or Plaintiffs (which is denied), whether by judgment or settlement, then APL is entitled to indemnity and/or contribution from defendants M/V APL PERU, her engines, boilers and tackle *in rem*, HLL Atlantic Schiffahrt GmbH & Co KG, Hanseatic Lloyd Schiffahrt GmbH & Co KG, DHL ISC (Hong Kong) Limited, Byd Company Ltd., GPI International Ltd., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd., World Hint Limited, Spectrum Brands, Inc., Desay Lithium Battery Co. Ltd. and/or their servants and/or agents, including recovery of the attorneys' fees and costs incurred by APL in defending against Desay's and/or Plaintiffs' claims.

## SECOND CROSS-CLAIM

36. Without prejudice to or waiver of the above defenses, APL repeats and realleges each and every allegation set forth above with the same force and effect as if repeated and set forth at length herein.

37. Certain third-parties have claimed (or may claim) against APL for loss and damage allegedly sustained as a result of the fire that took place on board the M/V APL PERU and have put APL on notice of their intention to seek to hold APL liable for any and all such loss and damage including contributions to general average and salvage, all liability for which APL has expressly denied.

38. The said fire was caused in whole or in part by the acts, omissions, fault, negligence, breach of contract, strict liability, want of due care, failure to warn, product defect, improper packaging, improper stowage, improper handling, unseaworthiness of the vessel and/or breach of warranty of defendants M/V APL PERU, her engines, boilers and tackle *in rem*, HLL Atlantic Schiffahrt GmbH & Co KG, Hanseatic Lloyd Schiffahrt GmbH & Co KG, DHL ISC (Hong Kong) Limited, Byd Company Ltd., GPI International Ltd., Quantum Lighting Products

Limited, Chiat Si Industrial Company Ltd., World Hint Limited, Spectrum Brands, Inc., Desay Lithium Battery Co. Ltd. and/or their servants and/or agents, including, but not limited to, the fact that a certain container or containers were improperly stowed and/or handled, thus contributing to, or solely causing, the fire, cargo and container damage complained of.

39. To the extent APL may be held liable to any of the aforesaid third-party claimants mentioned in this cross-claim (which is denied), APL is entitled to indemnity and/or contribution from defendants M/V APL PERU, her engines, boilers and tackle *in rem*, HLL Atlantic Schiffahrt GmbH & Co KG, Hanseatic Lloyd Schiffahrt GmbH & Co KG, DHL ISC (Hong Kong) Limited, Byd Company Ltd., GPI International Ltd., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd., World Hint Limited, Spectrum Brands, Inc., Desay Lithium Battery Co. Ltd. and/or their servants and/or agents, including recovery of attorneys' fees and costs incurred in defending against such claims.

## THIRD CROSS-CLAIM

40. Without prejudice to or waiver of the above defenses, APL repeats and realleges each and every allegation set forth above with the same force and effect as if repeated and set forth at length herein.

41. To the extent, if any, APL has liability for general average contributions or salvage payments by reason of the fire onboard the M/V APL PERU, whether by judgment or settlement, then APL is entitled to indemnity or a contribution from defendants M/V APL PERU, her engines, boilers and tackle *in rem*, HLL Atlantic Schiffahrt GmbH & Co KG, Hanseatic Lloyd Schiffahrt GmbH & Co KG, DHL ISC (Hong Kong) Limited, Byd Company Ltd., GPI International Ltd., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd., World Hint Limited, Spectrum Brands, Inc., Desay Lithium Battery Co. Ltd. and/or their servants

and/or agents, including the recovery of attorneys' fees and costs incurred in defending against such claims.

## FOURTH CROSS-CLAIM

42. APL repeats and realleges each and every allegation hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

43. As a result of the fire that occurred on the M/V APL PERU, containers owned and/or leased by APL and carried on such vessel sustained damage requiring repairs and/or were deemed a constructive total loss ("CTL").

44. Further, as a result of the fire that occurred on the M/V APL PERU, APL incurred per diem charges and charges for storage and removal of containers owned and/or leased by APL that were carried on such vessel.

45. The said fire was caused in whole or in part by the acts, omissions, fault, negligence, breach of contract, failure to warn, product defect, improper packaging, improper stowage, unseaworthiness of the vessel and/or breach of warranty of defendants M/V APL PERU, her engines, boilers and tackle *in rem*, HLL Atlantic Schiffahrt GmbH & Co KG, Hanseatic Lloyd Schiffahrt GmbH & Co KG, DHL ISC (Hong Kong) Limited, Byd Company Ltd., GPI International Ltd., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd., World Hint Limited, Spectrum Brands, Inc., Desay Lithium Battery Co. Ltd. and/or their servants and/or agents including, but not limited to, the fact that a certain container or containers were improperly stowed and/or handled, thus contributing to, or solely causing, the fire, cargo damage and container damage complained of.

46. As a result, APL is entitled to recover from Defendants M/V APL PERU, her engines, boilers and tackle *in rem*, HLL Atlantic Schiffahrt GmbH & Co KG, Hanseatic Lloyd

Schiffahrt GmbH & Co KG, DHL ISC (Hong Kong) Limited, Byd Company Ltd., GPI International Ltd., Quantum Lighting Products Limited, Chiat Si Industrial Company Ltd., World Hint Limited, Spectrum Brands, Inc., Desay Lithium Battery Co. Ltd. and/or their servants and/or agents the repair costs for the damaged containers, the value of the CTL containers, the per diem charges and the storage and removal charges for containers owned and/or leased by APL.

WHEREFORE, APL respectfully requests that:

a) the Court enter judgment dismissing Desay's cross-claims and counterclaims;

b) APL have judgment on its cross-claims; and

c) the Court award APL its costs and reasonable attorneys' fees, and grant such other and further relief as the Court deems just and appropriate.

New York, New York
Dated: January 18, 2012

BLANK ROME LLP
Attorneys for Defendants and Third-Party Defendants/Fifth-Party Plaintiffs APL LIMITED and APL CO. PTE LTD and Fourth-Party Defendant/Fifth-Party Plaintiff AMERICAN PRESIDENT LINES, LTD.

By: /s/ *John D. Kimball*
John D. Kimball
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

## AFFIRMATION OF SERVICE

I hereby certify that on January 18, 2012 a copy of the foregoing ANSWER OF APL LIMITED, APL CO. PTE. LTD and AMERICAN PRESIDENT LINES, LTD. TO THE CROSS-CLAIMS AND COUNTERCLAIMS OF SIXTH-PARTY DEFENDANT DESAY LITHIUM BATTERY CO. LTD. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system.

By: /s/ Lauren Wilgus
Lauren B. Wilgus