*Hollostein/0*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/12

592-08/WDM/GMV
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRIS SPORTS NORTH AMERICA, INC., as DISTRIBUTOR FOR POWDERHORN; et al. | 08-cv-9352 (AKH) |
| | 09-cv-2549 (AKH) |
| | 09-cv-4081 (AKH) |
| | 09-cv-8054 (AKH) |
| Plaintiffs, | 09-cv-8457 (AKH) |
| | 09-cv-8639 (AKH) |
| versus | 10-cv-2255 (AKH) |
| | 10-cv-4253 (AKH) |
| M/V "APL PERU," her engines, boilers, etc., | 10-cv-6107 (AKH) |
| | 10-cv-6108 (AKH) |
| Defendants. | |

## ORDER REGARDING LIAISON COUNSEL

WHEREAS, given the number of parties and law firms involved in these consolidated actions, the Court has ordered that Liaison Counsel be appointed for the Claiming Parties and Defending Parties, as defined herein.

WHEREAS, in accordance with the Court's directive, the parties in these consolidated actions submitted a proposed Order Regarding Liaison Counsel,

IT IS HEREBY ORDERED as follows:

1. For purposes of this Order, the following definitions shall apply:

    1.1 The term "**Claiming Parties**" shall consist of the plaintiffs who have asserted claims against one or more of the "Defending Parties", as defined herein, in the above consolidated civil actions, for cargo damage and/or a declaration in regards to the General Average contribution of cargo interests.

      1.2      The term **"Defending Parties"** shall consist of those parties defending the claims of the Claiming Parties and/or cross-claims of other Defending Parties and shall include:

- (a) HLL Atlantic Schiffahrts GmbH and Hanseatic Lloyd Schiffahrt GmbH & Co. KG (respectively, the owner and manager of the vessel APL PERU).

- (b) APL Co. Pte. Ltd., APL Limited, American President Lines, Ltd., and American President Lines Co. Pte. Ltd. (a time charterer of the vessel and bill of lading issuer).

- (c) Mitsui O.S.K. Lines, Ltd. (a slot charterer of the vessel and bill of lading issuer).

- (d) Hyundai Merchant Marine (a slot charterer of the vessel and bill of lading issuer).

- (e) Spectrum Brands, Ltd. (the consignee of the cargo alleged to have caused the fire onboard the vessel).

- (f) Byd Company Ltd. (the manufacturer of the nickel-metal hydride batteries stowed within the container in which the fire/explosion is alleged to have originated).

- (g) Gold Peak Industries (the manufacturer of the heavy duty batteries stowed within the container in which the fire/explosion is alleged to have originated).

- (h) Quantum Lighting (the manufacturer of the flashlights stowed within the container in which the fire/explosion is alleged to have originated).

- (i) Desay (the manufacturer of the lithium batteries stowed within the container in which the fire/explosion is alleged to have originated).

- (j) CH Robinson, Inc. d/b/a Christal Lines Ltd. (a non-vessel operating common carrier, "NVOCC", which issued bills of lading to one or more of the cargo interests).

- (k) Laufer Group International (a non-vessel operating common carrier, "NVOCC", which issued bills of lading to one or more of the cargo interests).

2.     Effective on the date of this order, the following individuals are designated Liaison Counsel: William R. Connor, III, of Marshall Dennehey Warner Coleman & Goggin (Liaison Counsel for the Claiming Parties), and Wayne Meehan and Gina Venezia of Freehill Hogan & Mahar, LLP (Liaison Counsel for the Defending Parties).

3.     Liaison Counsel for each side shall establish a system for the prompt dissemination of information to all other counsel on their side and assist the Court in ensuring the efficient and expedient management of the captioned actions.

4.     The Court may communicate with Liaison Counsel on administrative and scheduling matters relating to the captioned actions, and may communicate with Liaison Counsel orally or in writing for the purpose of the prompt dissemination of information to the parties regarding administrative and scheduling matters.

5.     Subject to the rights of any party to present individual or divergent positions, Liaison Counsel are vested by the Court with the following responsibilities and duties:

   a. To maintain a current and accurate list of all related and consolidated cases and counsel and their respective contact information ("List of Actions and Counsel"). Within ten (10) days, counsel for each party in these actions shall designate a single attorney in each law firm representing a party or parties to receive communications from Liaison Counsel, and such designated counsel shall be identified on the List of Actions and Counsel. Liaison Counsel for the Defending Parties shall timely furnish all counsel of record a copy of the list.

b. To coordinate the scheduling of regular case management conferences and other hearings to be held with regard to common or generic issues or issues that pertain to more than one individual case.

c. To coordinate with the Court and with all respective counsel regarding the timing and sequence of contested matters to ensure that matters of common interest to the coordinated litigants are raised in a manner that facilitates the most efficient disposition of such matters, guarding against the redundancy and inconvenience of repeat, duplicative, or premature filings.

d. To coordinate the filing of a single submission to the Court (*e.g.*, motion, brief, letter) on behalf of their respective groups with regard to issues that are common to the Claiming or Defending Parties.

e. To perform such other duties as may be expressly authorized by further order of this Court.

6. Liaison Counsel are not authorized to, nor should they, accept service of pleadings or other papers on behalf of other parties other than those that he or she represents in specific cases or those pleadings or other papers that are being served on such person in their capacity as Liaison Counsel. Liaison Counsel will not have authority to bind their respective groups absent express authority provided by those groups of counsel and parties, and will not be required to serve any pleadings or other papers on behalf of similarly-situated parties, except to the extent necessary to fulfill its obligations as set forth herein. No order shall be entered based upon communication between the Court and Liaison Counsel, without prior notice to all counsel of record and an opportunity for counsel to be heard. Further, the appointment of Liaison Counsel as outlined herein is only for the benefit of the Court in administrative and scheduling

matters and shall not in any way supersede the requirement that the designated counsel for the parties in any individual case are to required to confer with each other regarding any other matter.

7. Counsel in each of the referenced actions have a duty to cooperate with Liaison Counsel and to keep their respective Liaison Counsel apprised of (a) any issues, circumstances, or events that are significant or relevant to the coordinated actions generally and (a) any such information that would otherwise facilitate Liaison Counsel's fulfillment of their duties and responsibilities as enumerated herein.

8. Liaison Counsel shall be entitled to reasonable compensation and reimbursement of expenses for services performed in such capacities, equitably apportioned among the parties within each group.

Dated: Oct. 23, 2012
New York, NY

U.S. DISTRICT JUDGE



391861.1   5